# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                                     **Case No. 14-CR-80**

**TYRONE LEWIS**
    **Defendant.**

## ORDER

The government obtained five separate indictments arising out of an investigation into allegations of dog fighting in this district: Case Nos. 14-CR-79, 14-CR-80, 14-CR-81, 14-CR-82, and 14-CR-84. Two of those cases (-79 and -82) were randomly assigned to me, the others to different branches of the court. I subsequently granted a motion to reassign 14-CR-81 to this branch. Defendant Tyrone Lewis now moves to reassign his case to me.[1] The government does not oppose the request.

Criminal Local Rule 13 permits the reassignment of a criminal case to another judge if it is found to be related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:

> (1) all defendants in each of the cases are the same, or, if the defendants are not all the same, the cases are based upon the same set of facts, events or offenses;
>
> (2) both cases are pending in this District;
>
> (3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and

---

[1] The instant indictment also charges a second defendant, but he has not yet appeared.

(4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice.

Crim. L.R. 13(a) (E.D. Wis.). The Rule further provides that the motion must be filed with, and will be decided by, the judge to whom the lowest numbered case of the claimed related set is assigned for trial or other final disposition. Crim. L.R. 13(b).

The criteria for reassignment are met. The cases are factually related, the discovery is the same, and they are pending in this district. Placing both cases before the same judge will result in the overall saving of judicial resources, as one judge could handle any issues arising regarding the application of 7 U.S.C. § 2156, and, if the defendants are convicted, having one judge impose sentence will ensure consistency. Finally, the cases have not progressed to the point where reassignment would cause delay.

**THEREFORE, IT IS ORDERED** that the defendant's motion to reassign (R. 19) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2014.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge